UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAEUN KIM,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>    *Defendants*. | Civil Action No. 25-50 (TJK) |

## MEMORANDUM

Plaintiff appears to be charged with stalking in ongoing criminal proceedings in New Jersey state court. *See* ECF No. 1-2 at 16–17, 20–22; ECF No. 6 at 2. On January 8, 2025, Plaintiff filed a pro se "complaint and request for injunction" against the United States of America, Prudential Financial, Inc., one of that company's employees, and the Department of Justice, seeking "the immediate termination of the baseless prosecution initiated" against him. ECF No. 1 at 1, 24. Plaintiff alleges he is being "prosecuted on baseless charges stemming from falsified surveillance footage" that "has been concealed[] and manipulated" and "continues to be used against [him]," and that the Department of Justice "failed to investigate or intervene." *Id.* at 5. These facts, he contends, give rise to claims for malicious prosecution under the Federal Tort Claims Act, obstruction of justice under 18 U.S.C. § 1503, and due-process violations under the Fifth Amendment, and thus entitle him to an order dismissing the "ongoing malicious prosecution" and prohibiting "further reliance on" the fabricated evidence "in any judicial or administrative proceeding," and monetary damages. ECF No. 1 at 5, 15–17; *see also* ECF No. 6 at 3 (requesting "an immediate stay of" orders by the New Jersey Superior Court and a temporary restraining order preventing "enforcement of pretrial conditions").

The Court will dismiss the case sua sponte for lack of jurisdiction and failure to state a claim. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam) ("[A] district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction."); *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) ("The Court may dismiss a complaint *sua sponte* . . . where it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint." (citation omitted)).

To begin, the federal claims Plaintiff brings against the defendants appear disconnected from the relief he seeks. That is, to the extent Plaintiff is asking for injunctive relief directed at his prosecution in New Jersey state court, he has named no state officials involved in that proceeding. Even if he did, the Court would abstain from exercising jurisdiction given the "strong policy against federal court interference with pending state judicial proceedings"—particularly criminal ones—"absent extraordinary circumstances." *MPAC, LLC v. District of Columbia*, 181 F. Supp. 3d 81, 84 (D.D.C. 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also McElroy v. Lake Cnty. Sheriff's Off.*, No. 22-cv-3260 (CRC), 2023 WL 130735, at *2 (D.D.C. Jan. 4, 2023). Indeed, "federal courts *must* refuse to intervene in state criminal proceedings to suppress the use of evidence claimed to have been obtained through unlawful means," *Kugler v. Helfant*, 421 U.S. 117, 130 (1975) (emphasis added), which is what Plaintiff appears to ask for here. Nor has Plaintiff made any "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). He contends only that "the fabrication of evidence and prosecutorial misconduct . . . warrant[] federal intervention," ECF No. 6 at 3, but such "bald" and "conclusory assertions" do not amount to "extraordinary circumstances," *Klayman v. Porter*, No. 22-cv-953

(RBW), 2023 WL 2496738, at *7–8 (D.D.C. Mar. 14, 2023) (citations omitted), *appeal dismissed*, No. 23-7034, 2024 WL 137330 (D.C. Cir. Jan. 12, 2024). So, insofar as Plaintiff asks the Court to intervene in his criminal prosecution, it has no basis to do so here.

To the extent Plaintiff asserts claims that do not require abstention, they must be dismissed for separate reasons. For one thing, the Court lacks jurisdiction over Plaintiff's FTCA claim against the United States because "all [six] elements" listed in the statute "are also jurisdictional," *Brownback v. King*, 592 U.S. 209, 217 (2021), and Plaintiff does not even attempt to allege most of them, *see* 28 U.S.C. § 1346(b). In fact, any FTCA claim based on the tort of malicious prosecution would fail because he is not being prosecuted by the federal government. Nor does any FTCA claim lie against the private entities he sues, *see* 28 U.S.C. § 2674, or against the DOJ, *see Lovelien v. United States*, 422 F. Supp. 3d 341, 351 (D.D.C. 2019) ("[FTCA] suits must still proceed against the United States, not the officers or their agencies."). And insofar as Plaintiff sues any of the defendants under 18 U.S.C. § 1503, that claim must be dismissed because "there is no private right of action under" that criminal statute. *Semiani v. Dep't of State*, No. 13-cv-1180 (TFH), 2013 WL 3984583, at *1 (D.D.C. Aug. 1, 2013) (quoting *Banks v. Kramer*, No. 09-5140, 2009 WL 5526780, at *1 (D.C. Cir. Dec. 30, 2009)). What remains are vague allegations of violations of his Fifth Amendment rights. *See* ECF No. 1 at 17. But "private actor[s]" who are "acting in their private capacities[] cannot be guilty of violating" the Constitution. *Avila v. CitiMortgage, Inc.*, 45 F. Supp. 3d 110, 122 (D.D.C. 2014) (quoting *Canadian Transp. Co. v. United States*, 663 F.2d 1081, 1093 (D.C. Cir. 1980)); *see also Woytowicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 120 (D.D.C. 2018) ("Fifth Amendment violation claims require a showing of government action . . . ."). And because, again, Plaintiff was not prosecuted by the United States, he has no due-process, arbitrary-prosecution, or *Brady* claims against the United States or DOJ based on the

facts alleged in the complaint.

    For all these reasons, the Court will dismiss this case without prejudice. A separate order will issue.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: February 2, 2025